UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1044** |
| **ORLEANS PARISH PRISON** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Travon Johnson, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. When he filed the complaint, he neither paid the required filing fee nor applied to proceed *in forma pauperis*. On June 3, 2021, the Clerk of Court issued a Notice of Deficient Filing directing plaintiff to correct that deficiency;[1] however, plaintiff failed to so. On July 13, 2021, the undersigned United States Magistrate Judge then issued an order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before August 4, 2021. Plaintiff was warned that if he failed to comply with that order, the undersigned would recommend that this action be dismissed.[2] Plaintiff has not complied with the Court's order.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 3.

exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff was ordered to pay the required filing fee or submit an application to proceed as a pauper by August 4, 2021.  To date, the filing fee remains unpaid and no pauper application has been submitted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __13th__ day of August, 2021.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**